**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-608

SHANNON RENICK,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, Shannon Renick, by and through her attorneys, Bachus & Schanker, LLC, for her Complaint for Damages Under the Federal Tort Claims Act against Defendant United States of America, hereby states and alleges as follows:

### JURISDICTION AND VENUE

1.    Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* and 28 U.S.C. § 1346(b)(1), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment.

2.    Plaintiff Shannon Renick has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

3.    On April 2, 2018, Plaintiff submitted an Administrative Claim for the claims set forth below to Defendant United States (attached as "Exhibit 1").

4.    Defendant United States failed to make a final disposition of Plaintiff Renick's claim within six months after it was filed on April 2, 2018 and same is, therefore, deemed a final denial pursuant to 28 U.S.C. § 2675.

5.    All conditions precedent to a Federal Tort Claims Act claim have been met, and all administrative remedies have been exhausted.

6.    At all times relevant to this action, Plaintiff, Shannon Renick (hereinafter "Renick" or "Plaintiff Renick"), resided in the City of Edgewater, County of Jefferson, State of Colorado, with a residential address of 1999 Fenton Street, Denver, Colorado 80214.

7.    Defendant United States of America, through its agency, the United States Postal Service., caused an auto collision on or about July 7, 2016, whereby its agent or employee was acting within the scope of her office or employment under circumstances where the United States of America, if a private person, would be liable to Plaintiff Shannon Renick in accordance with the laws of the State of Colorado, See 28 U.S.C. § 1346(b); and 28 U.S.C. § 2674.

8.    This Court has jurisdiction over this lawsuit pursuant to 39 U.S.C. § 409, which grants original jurisdiction to United States District Courts in all actions against the United States Postal Service.

9.    Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

10.    Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 9 of this Complaint as if set forth *verbatim*.

11. On July 7, 2016, at approximately 11:42 a.m., Plaintiff Renick was on a bicycle traveling westbound in the bike lane on West 32nd Avenue approaching the intersection of West 32nd Avenue and Miller Street in the County of Jefferson, State of Colorado.

12. On July 7, 2016, at approximately 11:42 a.m., Allison Schutt was the operator of a 2003 FFV Mail Truck (hereinafter "FFV") which was owned by the United States Postal Service.

13. On July 7, 2016, at approximately 11:42 a.m., the United States Postal Service was a federal agency as set forth in 28 U.S.C. § 2671.

14. On July 7, 2016, at approximately 11:42 a.m., Allison Schutt was an employee and/or agent of the United States Postal Service and was therefore an employee and/or agent of Defendant United States (an "employee of the government") as set forth in 28 U.S.C. § 2671.

15. On July 7, 2016, at approximately 11:42 a.m., Allison Schutt was acting within the course and scope of her employment and/or agency with the United States Postal Service and therefore was acting within the course and scope of her employment and/or agency with Defendant United States.

16. On July 7, 2016, at approximately 11:42 a.m., Allison Schutt was driving the FFV eastbound on West 32nd Avenue approaching the intersection of West 32nd Avenue and Miller Street in the County of Jefferson, State of Colorado.

17. On July 7, 2016, at approximately 11:42 a.m., Allison Schutt carelessly, negligently, and/or recklessly failed to yield the right-of-way on a left-hand turn and made a left-hand turn from eastbound West 32nd Avenue onto northbound Miller Street in front of the bicycle operated by Plaintiff Renick thereby causing Plaintiff Renick, whilst on her bicycle, to collide with the side of the FFV operated by Allison Schutt (hereinafter "the Incident").

18. As a direct and proximate result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's careless, negligent, and/or reckless conduct and the Incident, Plaintiff Renick's bicycle was deemed a total loss as irreparable.

19. As a direct and proximate result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's careless, negligent, and/or reckless conduct and the Incident, Plaintiff Renick sustained severe injuries to her head, face, jaw, neck, and back which required extensive medical treatment including, but not limited to: laceration repair in the emergency room; two surgeries to her jaw, and one surgery to her face.

20. As a direct and proximate result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's careless, negligent, and/or reckless conduct and the Incident, Plaintiff Renick has suffered economic and non-economic injuries, losses, and damages.

21. As a direct and proximate result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's careless, negligent, and/or reckless conduct and the Incident, Plaintiff Renick has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the Incident.

22. As a direct and proximate result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's careless, negligent, and/or reckless conduct and the Incident, Plaintiff Renick suffered in the past, and will continue to suffer in the future, non-

economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

23.   As a direct and proximate result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's careless, negligent, and/or reckless conduct and the Incident, Plaintiff Renick suffered temporary and permanent physical impairment and physical disfigurement.

24.   Plaintiff Renick was not comparatively careless, negligent and/or reckless in causing the Incident or in causing her injuries, losses, and damages.

## FIRST CLAIM FOR RELIEF
### Negligence Against United States of America

25.   Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 24 of this Complaint as if set forth *verbatim*.

26.   On or about July 7, 2016, at approximately 11:42 a.m., Defendant United States owed Plaintiff Renick a duty to use reasonable care in the operation of the FFV Allison Schutt was driving at the time of the Incident.

27.   Specifically, Defendant United States, through its agency the United States Postal Service and employee Allison Schutt breached the above referenced duty by carelessly, negligently, and/or recklessly failing to exercise ordinary reasonable care, failing to keep and maintain a proper lookout, and failing to yield the right-of-way on a left-hand turn thereby causing the Incident.

28.   By the careless, negligent, and/or reckless acts and omissions, Defendant United States, through its agency the United States Postal Service and employee Allison Schutt breached the aforementioned duty(ies) owed to Plaintiff Renick.

29. The aforementioned breaches of duty were a direct and proximate cause of the Incident and the injuries, harms, and losses sustained by Plaintiff Renick.

30. As a result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's careless, negligent, and/or reckless breaches of the aforementioned duties, Plaintiff Renick has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the Incident as described above.

31. As a result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's careless, negligent, and/or reckless breaches of the aforementioned duties, Plaintiff Renick suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

32. As a result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's careless, negligent, and/or reckless breaches of the aforementioned duties, Plaintiff Renick suffered temporary and permanent physical impairment and physical disfigurement.

33. Plaintiff was not comparatively careless, negligent and/or reckless in causing the Incident or in causing her injuries, losses, and damages.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se* - Defendant United States

34. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 33 of this Complaint as if set forth *verbatim*.

35.   When Defendant United States, through its agency the United States Postal Service and employee Allison Schutt operated the FFV in a careless, negligent, and/or reckless manner on or about July 7, 2016, at approximately 11:42 a.m., Defendant United States was in violation of applicable municipal ordinances and statutes of Colorado including, but not limited to: C.R.S. § 42-4-1401, Reckless Driving; C.R.S. § 42-4-1402(1), Careless Driving;  C.R.S. § 42-4-202(2), Careless Driving Causing Bodily Injury; and C.R.S. § 42-4-702, Vehicle Turning Left.

36.   Plaintiff Renick is a member of the class for whose protection the above-mentioned ordinances and/or statutes were enacted.

37.   The Incident hereinabove described and the injuries, harms, and/or damages that the Plaintiff Renick suffered as a result of that Incident are the kind of injuries, harms, and/or damages sought to be prevented by the passage of the above-mentioned ordinances and/or statutes.

38.   The above-mentioned ordinance and/or statutory violations by Defendant United States, through its agency the United States Postal Service and employee Allison Schutt were a direct and proximate cause of the Incident as well as the Plaintiff Renick's injuries, harms, and damages as previously described.

39.   As a direct and proximate result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's violations of the above-mentioned ordinances and/or statutes and the Incident, Plaintiff Renick has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the Incident as described above.

40. As a direct and proximate result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's violations of the above-mentioned ordinances and/or statutes and the Incident, Plaintiff Renick suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

41. As a direct and proximate result of Defendant United States, through its agency the United States Postal Service and employee Allison Schutt's violations of the above-mentioned ordinances and/or statutes and the Incident, Plaintiff Renick suffered temporary and permanent physical impairment and physical disfigurement.

42. Plaintiff Renick was not comparatively careless, negligent and/or reckless in causing the Incident or in causing her injuries, losses, and damages.

### THIRD CLAIM FOR RELIEF
*Vicarious Liability/Vicarious Liability Under Theory of Respondeat Superior/Liability Pursuant to 28 U.S.C. § 2674* **– Defendant United States**

43. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 42 of this Complaint as if set forth *verbatim*.

44. Upon information and belief, at the aforementioned time, date, and place of the Incident, Allison Schutt was an employee and/or agent of Defendant United States (as an employee and/or agent of the United States Postal Service).

45. Upon information and belief, at the aforementioned time, date, and place of the Incident, Allison Schutt was acting within the course and scope of her employment and/or agency with Defendant United States (as she was acting within the course and scope of her employment and/or agency with the United States Postal Service).

46.  Pursuant to the doctrines of vicarious liability and/or vicarious liability under theory of *respondeat superior*, Defendant United States is liable for the carelessness, negligence, and/or recklessness of its agents and/or employees (including Allison Schutt) and the resulting injuries, harms, and losses caused by the carelessness, negligence, and/or recklessness of its agents and/or employees (including Allison Schutt), while those agents and/or employees are acting within the course and scope of their agency and/or employment.

47.  The acts or omissions of Defendant United States' agent and/or employee, Defendant Allison Schutt, at the time of the aforementioned Incident, are by law deemed the acts or omissions of Defendant United States.

48.  Defendant United States is liable for Plaintiff's injuries, harms, and damages as set forth above based on the doctrines of vicarious liability and/or vicarious liability under theory of *respondeat superior*.

49.  Defendant United States is liable for Plaintiff's injuries, harms, and damages as set forth above in the same manner and to the same extent as a private individual under like circumstances pursuant to 28 U.S.C. § 2674.

50.  Plaintiff Renick was not comparatively careless, negligent and/or reckless in causing the Incident or in causing her injuries, losses, and damages.

WHEREFORE, Plaintiff Shannon Renick demands judgment against Defendant United States of America in the amount of $1,860,000.00, interest as permitted by law, and for such other and further relief as the Court may deem just and proper.

DATED this 1st day of March, 2019.

Respectfully submitted,

*s/Darin L. Schanker* _____
Darin L. Schanker, Esq., #23381
John J. Duguay, #51427
BACHUS & SCHANKER, L.L.C.
1400 16th Street, Suite 450
Denver, Colorado 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
Email: darin.schanker@coloradolaw.net
        john.duguay@coloradolaw.net
*Attorneys for Plaintiff Renick*